McKinney, J.,
delivered the opinion of the Court.
This was an injunction hill. The ease is this: On the 8tia of January, 1858, one McTier employed Tedford to manag© the farm of the latter. Tedford was to reside on the farm,, together with his family, and to devote his whole time and attention to its care and management. And as compensation for his services, McTier was to pay him, annually, the sum of <$350. The written agreement between the parties contains this provision : “ It is further agreed and understood, that the proceeds of the farm is to be liable to said Tedford for his wages.”
In the latter part of the year 1856, the defendant, Wilson, who was a judgment creditor of McTier’s, caused a portion of the crop raised by Tedford that year, under the foregoing agreement, to be levied on as McTier's property, in satisfaction of his judgment. And to restrain the sale thereof, this bill was filed. The bill was not demurred to. On the hearing, the Chancellor dismissed the bill.
We think the decree is erroneous. It is true, that as against creditors, a lien cannot be created by contract between the parties, upon a personal chattel in existence at the time of such contract, without registration. But that principle is not *313 applicable to the present case. This was simply an agreement, that the fvture products of the farm, not then in existence, should be first subject to the satisfaction of Tedford’s annual wages. This is not a contract or agreement falling within either the letter or spirit of the registration act. Woods v. Burrough, (MS.) Whether or not the complainant ought to have been repelled, on the ground that his remedy was in the legal forum, is not now a question open to discussion. By omitting to demur to the bill, this objection is waived.
Decree reversed.